UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
TEXAS SHERMAN DIVISION

JAMES HEMENWAY, on behalf of himself and
all others similarly situated, et al.,
   *Plaintiffs*,

v.

                                                    CASE NO.

SUCCESS PARTNERS HOLDING CO.,
   *Defendant*.

### PLAINTIFFS' ORIGINAL CLASS
### ACTION COMPLAINT UNDER WARN

1.   Based on Federal Rule of Civil Procedure 23, Plaintiff, James Hemenway, files this class

action Complaint and alleges, on behalf of himself and a class of similarly situated former

employees ("Plaintiffs") of Success Partners Holding Co. ("Company" or "SP"), that SP has

failed to comply with the 60-day advance notice provision in the Worker Adjustment

Retraining Notification Act ("WARN"), 29 U.S.C. 29 U.S.C. §§ 2101-2109.   In the

alternative, all Plaintiffs, under Federal Rule of Civil Procedure 20, bring their WARN

claims as a multi-Plaintiff action as permissively joined Plaintiffs.[1]

### SUMMARY

2.   This case is about a "bait and switch" layoff scheme SP used to avoid WARN's 60-day notice

requirement to protect employees affected by a "mass layoff."   In December 2017, SP high

level management, including its Chief Executive Officer, Stuart Johnson, baited SP

---

[1] The affected Plaintiffs who SP terminated from employment during the January-February 2018 time frame relevant to this case (including any additional 90-day aggregate periods as defined under WARN) are listed in Exhibit 1. attached to this Complaint.

1

employees by representing to them that the Company was doing fine and looked forward to a profitable 2018. Then the "switch" occurred. In January and February 2018, SP, without notice to the affected employees, terminated their employment, and *admitted* that the Company was covered under WARN, 29 U.S.C. §§ 2101-2109. Accordingly, SP failed to give the affected employees 60-days WARN notice to which they were entitled and as required under the Act. (*See example WARN Notices attached as Ex.* 2). Indeed, many of SP's so-called "WARN notice" letters, dated on the day each Plaintiff was terminated from employment, referenced the WARN Act and Department of Labor WARN Act Website, but SP did not offer to pay the affected laid off employees their back wages and benefits to which they are entitled under WARN. *See Id.*

3.       Accordingly, James Hemenway, as a class representative, and all permissively joined Plaintiffs, request that the Court award them their back wages, employee benefits, and attorneys' fees to which they are entitled under WARN.

## JURISDICTION AND VENUE

4.       From January 15, 2018 through February 2, 2018, SP terminated without notice the employment of approximately 50 or more full-time employees at its facilities in Plano, Texas and Lake Dallas, Texas ("Facilities"). The Plano Facility is located at 5800 Democracy Drive in Plano, Texas 75024. In turn, the Lake Dallas facility is located at 200 Swisher Road in Lake Dallas, Texas 75085.

5.       Thus, this Court has jurisdiction over this case under 28 U.S.C. §§ 1331, 1334 and 29 U.S.C § 2104(a)(5).

6.       Venue is proper in this District under 29 U.S.C. § 2104(a)(5) because the WARN cause of action Plaintiffs assert occurred in Plano, Texas and Lake Dallas, Texas.

2

7.    The affected employees under WARN include former employees at SP's Facilities.  At all times, SP employed over 100 employees.  SP laid off Plaintiff, James Hemenway, the Class Representative at SP's Plano Facility, and all others similarly situated, between January 15, 2018 and February 2, 2018.  SP also laid off 14 or more affected employees at its Lake Dallas facility.

8.    Accordingly, Plaintiffs bring this action under Federal Rule of Civil Procedure 23 as a class action under WARN, 29 U.S.C. § 2101-2109 and, in the alternative, as a multi-Plaintiff action under Federal Rule of Civil Procedure 20.

9.    Hemenway and Plaintiffs worked for SP and SP terminated Plaintiffs' employment without cause, as part of, or as the foreseeable result of, mass layoffs SP ordered.  Accordingly, SP terminated Plaintiffs' employment and failed to give them 60-days' advance written notice of their employment terminations, as required by WARN.

10.    Based on SP's failure to give Plaintiffs 60-days' advance written notice of their employment terminations, the Class Representative and Plaintiffs seek to recover 60-days' wages and employee benefits under the WARN Act from SP, including Plaintiffs' attorneys' fees.

**THE PARTIES**

11.    Plaintiff Hemenway worked as the IT Infrastructure Manager at SP's facility located at 5800 Democracy Drive, in Plano, Texas ("Plano Facility") until his abrupt termination from employment without cause on or about January 15, 2018.  Likewise, SP abruptly terminated from employment all other Plaintiffs at the Plano facility listed in Exhibit 1 to this Complaint between January 15, 2018 through February 2018.

12.    SP is a Delaware corporation that maintained and operated its corporate headquarters at its Plano, Texas Facility.  SP also operated another Facility in Lake Dallas, Texas.  SP operates

a "self-help" business, among other things, including Success Magazine, motivational and entrepreneurial materials provided to its customers, a website (success.com), a direct sales news magazine, and a Success Academy involving motivational speakers, videos and other self-help products. SP may be served with legal process under Federal Rule of Civil Procedure 4 through its registered agent for service in Texas, namely, David J. Rapier, SP's Chief Financial Officer, located at 5800 Democracy Drive in Plano, Texas 75024.

13. Until on or about January 15, 2018, SP employed Plaintiffs and all similarly situated employees at its Facilities. SP terminated the employment of over 50 employees and 33 percent of the Company's workforce at these Facilities during a 30-day period, or 90-day aggregate period, as those terms are defined under WARN. 29 U.S.C. §§ 2101(a)(3)(B) and § 2102(d).

14. SP made the decision to terminate the employment of Hemenway, all Plaintiffs listed in Exhibit 1 to this Complaint, and other similarly situated former employees.

### WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104

15. Plaintiff Hemenway (and all other Plaintiffs listed in Exhibit 1 to this Complaint) brings this claim for relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of himself and on behalf of all other similarly situated former employees under 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at or reported to SP's Plano Facility and were terminated without cause on or about January 15, 2018 through February 2, 2018. Hemenway and Plaintiffs also bring this action for all Plaintiffs and other similarly situated employees subjected to SP ordered layoffs within 90 days before or after these dates, and who were terminated without cause as the reasonably foreseeable consequence of the mass layoffs SP ordered on or about January 15, 2018 through February 2, 2018, and who are affected employees within the

4

meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

16.  The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the number of affected employees under WARN exceeds 50 employees, the precise number of layoffs is currently unknown.  Nevertheless, the facts on which the calculation of that number can be based are presently within SP's sole control.

17.  Upon information and belief, Defendant employed approximately 130 employees at its Plano, Texas and Lake Dallas Facilities.

18.  The identity of at least 30 members of the class who worked at the Plano Facility are known and have agreed to representation by Counsel who have signed this Complaint.  *See Exhibit 1 attached to the Complaint.*  Counsel has obtained the recent residence addresses of each of these Class Members.  Other putative Class Member identities and contact information are contained in SP's books and records.

19.  Similarly, Counsel has obtained, and has attempted to obtain, the rate of pay and benefits SP paid to each Plaintiff/Class Member at the time of his/her termination from employment. Regarding other putative Plaintiff Class Members, the pay rates and benefits information are contained in SP's books and records.

20.  Common questions of law and fact exist as to each of the Class Members, including, without limitation, the following:

(a)  whether the Class Members were employees of SP who worked at or reported to SP's Facilities;

(b)  whether SP terminated the employment of the Plaintiff Class Members without cause on their part and without giving them 60-days advance written notice in

5

violation of the WARN Act; and

        (c)     whether SP unlawfully failed to pay the Class Members 60-days wages and benefits as required by the WARN Act.

21.    Plaintiff Class Representative Hemenway's claims are typical of those of the Class. Plaintiff Hemenway, like other Class Members, worked at or reported to SP's Plano Facility and was terminated without cause on or about January 15, 2018, stemming from the mass layoffs SP ordered.

22.    Plaintiff Class Representative Hemenway will fairly and adequately protect the interests of the Class. Plaintiff Hemenway and other Plaintiffs listed in attached Exhibit 1 to this Complaint have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

23.    On or about January 15, 2018, SP terminated Plaintiff Hemenway's employment as part of a mass layoff as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60-days advance written notice under the WARN Act.

24.    Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, in which individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation.

25.    Concentrating all the potential litigation concerning the WARN Act rights of the members

of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

26.    Plaintiff Hemenway intends to send notice to all Class Members to the extent required by Rule

## CLAIMS FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2101, *et seq.*

27.    Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

28.    At all relevant times, SP employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

29.    At all relevant times, SP was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until SP decided to order mass layoffs at the Facilities.

30.    On or about January 15, 2018, SP ordered mass layoffs the Facilities, as those terms are defined by 29 U.S.C. § 2101(a)(2).

31.    The mass layoffs at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty (50) of SP's employees as well as thirty-three percent (33%) of the workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

32.    SP terminated Plaintiff and the Class Members' employment without cause on their part, as part of or as the reasonably foreseeable consequence of mass layoffs SP ordered at the

Facilities.

33.   Plaintiff and the Class Members are "affected employees" of SP, within the meaning of 29 U.S.C. § 210l(a)(5).

34.   SP was required by the WARN Act to give Plaintiff and the Class Members at least 60-days advance written notice of their employment terminations.

35.   SP failed to give Plaintiff and the Class Members written notice that complied with the requirements of the WARN Act.

36.   Plaintiff and each of the Class Members are "aggrieved employees" of SP, as that term is defined in 29 U.S.C. § 2104 (a)(7).

37.   In the alternative to a Rule 23 class action, Plaintiffs listed in Exhibit 1 to this Complaint seek relief in the form of a multi-Plaintiff permissive joinder action under Fed. R. Civ. P. 20.

38.   SP failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective employment terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective employment terminations.

39.   The relief sought in this proceeding is equitable in nature.

## REQUEST FOR RELIEF

THEREFORE, Plaintiff Hemenway (and, as appropriate, all Plaintiffs listed in Exhibit 1 to this Complaint under Fed. R. Civ. P. 20), individually and on behalf of all other similarly situated persons, requests the following relief against Defendant SP, jointly and severally:

A.   Certification of this action as a class action;

8

B.      Designation of Plaintiff Hemenway as the Class Representative;

C.      Appointment of the undersigned attorneys as Class Counsel;

D.      Based on either Rule 23 or Rule 20, a judgment in favor of Plaintiffs and the
other similarly situated former employees equal to the sum of: thieir unpaid
wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay,
pension and 401(k) contributions and other COBRA benefits, for 60 days, that
would have been covered and paid under the then-applicable employee benefit
plans had their coverage continued for that period, all determined in accordance
with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A); and

E.      All other and further relief as this Court may deem just and proper.

DATED:  February 13, 2018

By their attorneys,

/s/ Dean J. Schaner
Schaner Law Firm PLLC
Texas Bar. No. 17726500
5313 Pocahontas
Bellaire TX 77401
821-548-1478
Deanschaner@schanerlawfirm.com

/s/ Jill Weinberg
Jill Weinberg
Texas Bar No. 21084400
Weinberg Law Firm PLLC
6425 Willow Creek Drive
Plano, Texas  75093
972-403-3330
jillwlfirm@gmail.com

*Attorneys for Plaintiff and the putative
Class*

9